SETH BAKER AND ANOTHER, APPELLANTS, *v.* JOHN J. LEVER, AND OTHERS, ADMINISTRATORS, ETC., RESPONDENTS.

*Remedy of purchaser when defrauded by vendor — active vigilance not required of purchaser.*

When a purchaser of property is defrauded by the seller, the former is entitled, if he so elect, to rescind the contract, and to have restored to him whatever he may have paid toward the purchase-money. To entitle him to do this he must return, or offer to return, the property purchased, promptly upon the discovery of the fraud.

A person deceived by the fraudulent mis-statements of another, owes him no duty of active vigilance in the discovery of the fact that they are false.

In this case, the death of defendant having made incompetent the only evidence plaintiff had to establish his case, the proper judgment was ordered by the General Term, instead of a new trial being ordered.

APPEAL by the plaintiff from a judgment entered on the report of a referee.

*Hamilton Ward,* for appellants.    *Hakes & Stevens,* for respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed, and judgment ordered that administrators pay to plaintiffs costs of action and of appeal.

---

THE STATE BANK OF OLEAN, RESPONDENT, *v.* WILLIS F. SHAW, IMPLEADED, ETC., APPELLANT.

*Demurrer — jurat to verification not part of complaint — remedy for error appearing in jurat.*

In an action on a note, dated June 18, 1874, and payable two months after date, the jurat on the verification of the complaint was dated June 24, 1874. The defendant demurred on the ground that the complaint did not state facts constituting a cause of action. *Held,* that the jurat did not form part of the complaint. (*George* v. *McAvoy,* 6 How., 200; *Smith* v. *Holmes,* 19 N. Y., 271.) The proper remedy for the defendant in such cases is by motion.

APPEAL from an order overruling a demurrer to the complaint.

*D. H. Bolles,* for appellant.    *Cary & Jewell,* for respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed.

---

WILLIAM H. TAYLOR, ADMINISTRATOR, ETC., OF CATHA-
RINE TAYLOR, DECEASED, RESPONDENT, *v.* JAMES H.
KELLY, APPELLANT.

*Gift — manual delivery not necessary.*

To constitute a gift a manual delivery of the thing given is not necessary. A
delivery to a third person as trustee or bailee of the donee, is sufficient to pass
the title, and the donor may, by an apt declaration to that effect, convert him-
self into a trustee for the donee.
*Gray* v. *Barton* (55 N. Y., 72) followed.

APPEAL from a judgment of the Livingston County Court, in
favor of the plaintiff, in an action brought for the conversion by
defendant of a cow and calf, the property of the plaintiff.

————— ——, for appellant. *J. B. Adams*, for respondent.

Opinion by GILBERT, J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and a new trial granted.

---

GATES SHERWOOD AND OTHERS, EXECUTORS, ETC., APPEL-
LANTS, *v.* THE MERCANTILE MUTUAL INSURANCE
COMPANY, RESPONDENT.

*When verdict may not be directed by the court — conflict of evidence.*

The court is not authorized to direct the jury to find a verdict for a party, when
there is a conflict in the evidence, or a dispute about the facts, unless there is
such a preponderance of evidence on one side that a verdict to the contrary
would be set aside as being against evidence. (*Stone* v. *Flower*, 47 N. Y., 566;
3 Wait's Pr., 181, 182.)
Whether there be any evidence is for the court; whether there be sufficient
evidence is for the jury. (*Anderson* v. *Morice*, L. R. [10 C. P.], 58.)